IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DONALD DENNIS,                          :
                                        :
      Petitioner,                       :
                                        :
vs.                                     :        CIVIL ACTION 14-0252-CG-M
                                        :
WILLIE THOMAS,                          :
                                        :
      Respondent.                       :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama
inmate which was referred for report and recommendation pursuant
to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8
of the Rules Governing Section 2254 Cases.  This action is now
ready for consideration.  The state record is adequate to
determine Petitioner's claims; no federal evidentiary hearing is
required.  It is recommended that this habeas petition be
dismissed as time-barred and that judgment be entered in favor
of Respondent Willie Thomas and against Petitioner Donald Dennis
pursuant to 28 U.S.C. § 2244(d).  It is further recommended that
any certificate of appealability filed by Petitioner be denied
as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of first-degree rape and first-
degree sodomy in the Mobile County Circuit Court on November 17,
2004 for which he received two life sentences, to be served

1

consecutively, in the state penitentiary (Doc. 3, p. 2; *cf.* Doc. 22, p. 2). On appeal, the Alabama Court of Criminal Appeals affirmed the conviction (Doc. 22, p. A). The certificate of final judgment was entered on November 14, 2005 (Doc. 22, Exhibit C).

Petitioner filed a Rule 32 petition on August 16, 2006 (*see* Doc. 22, Exhibit D, p. 1). Following the denial of the petition by the lower court, the Alabama Court of Criminal Appeals affirmed the denial (Doc. 22, Exhibit D). The Certificate of Judgment was entered on November 3, 2008 (Doc. 22, Exhibit E).

Dennis filed a second Rule 32 petition on May 23, 2008 that was denied (Doc. 22, Exhibit F, p. 2). The Alabama Court of Criminal Appeals held that Petitioner's claims were procedurally defaulted and affirmed the dismissal (Doc. 22, Exhibit F). The Certificate of Judgment was entered on June 18, 2010 (Doc. 22, Exhibit H).

A third Rule 32 petition was filed on October 13, 2009 (Doc. 22, Exhibit I, p. 2). The Alabama Court of Criminal Appeals affirmed the dismissal of the petition, finding all claims procedurally defaulted as Dennis failed to bring them in a timely manner (Doc. 22, Exhibit I). The Certificate of Judgment was entered on September 9, 2011 (Doc. 22, Exhibit K).

Petitioner filed a complaint with this Court on June 2,

2014[1] raising the following claims: (1) His trial attorney rendered ineffective assistance; and (2) he is actually innocent of the charges for which he was convicted (Doc. 3).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 22, pp. 4-8). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) that amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A). The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on November 14, 2005,

---

[1]Respondent states that Petitioner did not file this complaint until July 9, 2014 (Doc. 22, p. 3). While Dennis did not file a petition that was in the form this Court requires until June 30, 2014 (Doc. 3), Petitioner initiated this action on June 2, 2014 with the filing of a Petition for Writ of Habeas Corpus (Doc. 1).

the day the Certificate of Judgment was issued (Doc. 22, Exhibit C).  The AEDPA one-year limitations clock began to run that date; Dennis had until November 14, 2006 to file this action.

This action was not filed until June 2, 2014 (Doc. 1).  However, Petitioner filed three Rule 32 petitions in the interim period.  The Court notes that AEDPA states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  The state did not finish with Dennis's third Rule 32 until September 9, 2011, when the Certificate of Judgment was entered (Doc. 22, Exhibit K).  This means that more than two years lapsed from the time that Petitioner had exhausted his three Rule 32 petitions and filed this action.[2]

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d).  Dennis has asserted, however, actual innocence of his convictions as cause for his tardiness (Doc. 1, pp. 7-8, 14-15; Doc. 3, pp. 7, 11, 14-19, 53; Doc. 15).

---

[2]The Court will not discuss the time that lapsed before Dennis filed his first Rule 32 petition or whether or not the second and third petitions were properly filed as there is a two-year-plus gap

The U.S. Supreme Court, in *Schlup v. Delo*, 513 U.S. 298, 324 (1995), has stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error with new reliable evidence-- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." The evidence presented "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. In other words, Petitioner must persuade this Court, "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. A court can consider constitutional infirmities only after this threshold has been met.

In this action, the Court notes that Petitioner offers only assertions of his innocence. There is no offer of new evidence. Though Dennis points to Court records, the evidence has been there all along. The Court would further note that while the evidence to which Petitioner points does not convict him, it does not absolve him either. In other words, at best, Dennis

---

following the completion of the third Rule 32 petition before this action was filed.

has demonstrated that this particular evidence was not sufficient to convict him. However, there was other evidence that the jury considered and found sufficient for conviction.

The Court finds that Petitioner has made no showing of actual innocence and has not overcome the statute of limitations problem presented.[3] The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996: this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Willie Thomas and against Petitioner Donald Dennis pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute

---

[3]The Court has reviewed *McQuiggin v. Perkins*, --- U.S. ---, 133 S.Ct. 1924 (2013), referenced by Dennis, but finds it of no benefit to him as he has not demonstrated his innocence.

makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Dennis has not filed this action in a timely manner under AEDPA, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further.  *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of

habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 21st day of October, 2014.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE